**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4401**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HASSAN JAMIL FISHER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:16-cr-00279-RJC-DCK-1)

Submitted: March 6, 2018                    Decided: March 26, 2018

Before KEENAN, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard L. Brown, Jr., Monroe, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hassan Jamil Fisher pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Fisher to 60 months of imprisonment, followed by 2 years of supervised release, and Fisher now appeals. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the sentence is reasonable. Fisher was advised of his right to file a pro se supplemental brief, but has not done so. Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. White*, 810 F.3d 212, 229 (4th Cir.), *cert. denied*, 136 S. Ct. 1833 (2016). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We then review the substantive reasonableness of the sentence, presuming that a sentence within a properly calculated advisory Guidelines range is reasonable. *United States v. Allen*, 491 F.3d 178, 193 (4th Cir. 2007); *see Rita v. United States*, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. The district court properly calculated the advisory Guidelines range and sufficiently explained the sentence. In addition, Fisher's

2

within-Guidelines sentence is presumptively reasonable and we conclude that Fisher has not rebutted that presumption.

We have examined the entire record in accordance with the requirements of *Anders* and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Fisher, in writing, of the right to petition the Supreme Court of the United States for further review. If Fisher requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fisher. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*